NAPA VALLEY WINE COMPANY vs. BOSTON BLOCK COMPANY and others. ·

July 18, 1890.

Lease—Covenant—Injunction against Third Person.—An agreement in a lease not to let other premises of the lessor for the same purpose does not entitle the lessee to an injunction against subsequent lessees of such other premises, restraining them from the enjoyment of their lease; they being neither parties nor privies in respect to the former contract.

This action coming on for trial in the district court for Hennepin county, before *Rea*, J., the defendants moved for judgment on the pleadings. The motion was granted, judgment was entered, and the plaintiff appealed.

*J. L. Dobbin*, for appellant.

*E. C. Chatfield*, for respondent.

DICKINSON, J. This is an appeal by the plaintiff from a judgment rendered for the defendant upon the pleadings. The purpose of the action is to have the defendants enjoined from selling intoxicating liquors in a building called the "Boston Block," in the city of Minneapolis. Only the sufficiency of the complaint to entitle the plaintiff to such relief is to be considered. The following is, in substance, the case presented by the complaint:

Prior to September, 1887, one Whitten was the owner of the Boston block, and of a building contiguous thereto, designated as "Number 308, Hennepin Avenue." Through his agent, he entered into negotiations with Scrimgeour & Gross, copartners engaged in the business of selling wines and liquors, for leasing to them the building No. 308, for the purposes of their business. A lease was formally executed July 12, 1887, for the term of three years from the 1st day of August following. In the course of the negotiations for the lease, Scrimgeour & Gross, by letter to Whitten's agent, proposed, as a condition of the lease, that the lessor should not rent any part of the Boston block for the sale of intoxicating liquors. An answer was returned, also by letter, the import of which may be deemed to be an acceptance of that condition. At the time of the executing of the

lease, these letters were, by the agreement of the parties, attached to one of the copies of the lease, which was executed in duplicate, as a part thereof.   In September, 1887, Whitten sold the Boston block and the adjoining building, No. 308, to this defendant, the Boston Block Company, a corporation; and the latter has since regularly collected the rent accruing under the lease.   In May, 1888, the lessees of the building No. 308 assigned to this plaintiff, a corporation, which has since then continued to carry on the business of the original lessees. In April, 1889, the Boston Block Company, having notice of the condition above referred to, leased the basement of the Boston block to the defendants the Germania Brewing Company and Peter Zahnen, to be used for the sale of intoxicating liquors; and the premises have ever since been used for that purpose.

The relief sought necessarily involves the restraining of the defendants the Germania Brewing Company and Peter Zahnen from using the premises held by them in the Boston block, under the lease from the Boston Block Company, for the sale of intoxicating liquors. A sufficient reason why those defendants should not be enjoined from this lawful use of the leased premises is the fact that they were not legally affected by the contract stated in the complaint to have been made between the plaintiff's assignors and Whitten.   They were not parties nor privies in respect to that contract.   Even if their lessors had become legally obligated, by contract with other parties, not to let those premises for such purposes, that did not concern the defendants the brewing company and Zahnen.   The alleged agreement of the lessor, in connection with the lease of the building No. 308, not to let the other premises for a like purpose, did not charge the estate, the Boston block, with that restriction in respect to its use so as to affect the rights of lessees of the latter premises.

Judgment affirmed.